ULSTER COUNTY.—HON. ALTON B. PARKER, SURROGATE.—May, 1881.

## CORBIN v. WESTCOTT.

*In the matter of the judicial settlement of the account of* JOHN LYON, *as general guardian of the person and property of* JESSE F. WESTCOTT, *an infant.*

The provision of Code Civ. Pro., § 2481, subd. 6, that a Surrogate's power to open or set aside a decree of his court "must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same," subjects him to the limitations, as to time, imposed by id., §§ 1282, 1290, with respect to motions to set aside a judgment.

The general guardian of an infant having filed an account, upon the settlement of which a decree was rendered against him, for a sum thereby appearing to be due from him to the ward, which was not satisfied, and the guardian's successor having commenced an action against a surety in the delinquent's official bond to recover the amount decreed to be due, the defendant applied to the Surrogate's court to vacate the decree on the ground of fraud perpetrated on him by his principal, in charging himself with money which he held not as guardian but as administrator.—

*Held*, that the fraud, if any, was not imputable to the infant ; that the surety could not be relieved, at the latter's expense, from his obligation conditioned that his principal "render a just and true account of all money received by him ;" and that the application must be denied.

CORBIN V. WESTCOTT.

PETITION by Isaac H. Corbin, surety in the official bond of John Lyon, as general guardian, to open the decree rendered upon the judicial settlement of the latter's account. The facts appear sufficiently in the opinion.

JOHN GRAY and JOHN J. LINSON, *for successor to John Lyon.*

GEORGE G. KEELER and F. L. WESTBROOK, *for surety.*

THE SURROGATE.—Subdivision 6 of § 2481 of the Code of Civil Procedure, provides that a Surrogate, in court or out of court, has power "to open, vacate, modify or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause;" and that such powers "must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

By § 1282, it is provided that a motion to set aside a judgment for irregularity shall not be heard after the expiration of one year after judgment; and by § 1290, that a motion to set aside a final judgment for error in fact not arising upon the trial shall not be heard, except, etc., after the expiration of two years.

More than two years have elapsed since the making and filing of the decree in the above matter. It seems to be clear, therefore, from an examination of the sections of the Code above referred to, that this court has no jurisdiction to open, vacate or set aside the decree in question, as prayed for in the petition of the surety.

The petitioner, however, urges that there has been a

fraud perpetrated in the accounting of the general guardian, by reason whereof the decree has been so made and granted as to unjustly affect the surety; that fraud vitiates everything, and the decree should, therefore, be set aside as void.

The alleged fraud consisted in the guardian's charging himself with money which the petitioner claims he held, not as guardian, but as administrator. The minor certainly has committed no fraud, but the fraud, if any, has been committed by the principal who this surety, by his bond, declared should "faithfully in all things discharge the duties of a guardian to the said minor according to law, and render a just and true account of all money and property received by him, and of the application thereof," etc.

The minor, by her present general guardian, relying upon the truthfulness of such account and the decree of this court, made and entered herein, has commenced an action against Isaac H. Corbin, the petitioner, as the surviving surety of the said general guardian. And it cannot be possible that the surety can now defeat that action, or affect in any way the minor's rights, as settled in the decree herein, by alleging that his principal, who he undertook should faithfully discharge the duties of guardian, and render a just and *true account of all moneys received*, etc., has not, in fact, rendered a true account of all such moneys, but, on the contrary, has rendered an account by which he charges himself with more money than he had received. The fraud, if any, was that of the petitioner's principal, and under no circumstances can the surety be relieved therefrom at the expense of the ward.

Suppose the principal, the general guardian, were making this application, and should allege that the account filed by him was not true, and pray that the decree be vacated and set aside, and that he might be permitted to render a new account, by which he should charge himself with a smaller sum, and it should further appear that he knew what the facts were at the time he rendered the account—the court would deny the application, even if made the day after the entering of the decree, on the ground that the guardian was estopped by his account.

I am unable to see, in the absence of collusion between principal and ward, that the surety is in any better position to make the claim for relief than his principal.

Motion denied, with ten dollars costs.